IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ISAAC CARDONA, et al.<br><br>Defendants. | Criminal Case No. 17-30022-TSH |

## ORDER DENYING THE GOVERNMENT'S MOTION FOR PRETRIAL DETENTION OF ISAAC CARDONA

Defendant Isaac Cardona ("Defendant") is charged with conspiracy to distribute and possess with intent to distribute cocaine (in an amount of 500 grams or more); conspiracy to distribute and possess with intent to distribute heroin (in an amount of 1 kilogram or more); and money laundering (knowingly transporting money that was the proceeds of drag transactions across the country to purchase heroin). The government has moved for pretrial detention, invoking the rebuttable presumption applicable to cases in which a defendant faces a maximum term of imprisonment in excess of ten years for a drug offense. *See* 18 U.S.C. § 3142(f)(1)(C). The court held an evidentiary hearing on April 16, 2018, and, at the conclusion of the hearing, took the government's motion under advisement.

The factors to be considered in determining whether to release a defendant are set forth in 18 U.S.C. § 3142(g), and include the nature and circumstance of the offense charged; the weight of the evidence as to guilt; the history and characteristics of the accused, including family ties, history relating to drug or alcohol abuse, criminal history, record concerning appearances at

1

court proceedings, financial resources and employment; and the nature and seriousness of the danger to any person or the community that would be posed by a release. *See* 18 U.S.C. § 3142(g).

As to the nature of the crime charged, the grand jury found probable cause to believe that Defendant participated in a conspiracy to distribute cocaine and heroin and engaged in money laundering. The government's case appears strong and Defendant is facing significant jail time, including minimum mandatory sentences on the narcotics charges, if he is convicted. It does not appear that Defendant was responsible for arranging for the importation of drugs into this country. It appears that the government alleges that Defendant agreed to distribute cocaine and heroin that David Cruz, a defendant in a related case, helped to arrange to bring into this country. Mr. Cruz has already pled guilty and has been a cooperating witness in this case.

Pretrial Services has recommended pretrial release for Mr. Cardona, who is 31 years old, and the court agrees with this recommendation. In terms of Defendant's personal characteristics, although he was born in Puerto Rico, he has lived in Springfield for his entire life. He is married to a woman with whom he has been in a relationship for some six years. They have two children together and his wife has a child from a prior relationship who lives with them. Defendant also has a child from a prior relationship. Defendant's wife holds two jobs, while he has been employed as a delivery driver for Arnold's Meats since July of 2017, where he can resume employment if he is released pending trial. Other members of Defendant's family also live in Springfield. Defendant's very strong family ties in Springfield far outweigh ties, if any, he has to Puerto Rico and it does not appear from the evidence that he has any significant ties to any other district or country. In addition, the Pretrial Services report and the evidence at the detention hearing tend to show that Defendant does not have access to financial resources to flee

from Massachusetts. When there was a fire in the apartment building where he and his family lived in September of 2017, the family had to spend some two to three months staying at a cheap motel, then move in with family before they were able to arrange for an apartment for themselves. It is also noteworthy that Defendant does not have a history of defaults in his criminal record. When he has faced criminal charges, he has appeared in court as required. In addition, Defendant must have known that David Cruz was arrested in September 2016 and could incriminate him, but he did not flee. Defendant proposes to live with his family and return to work at Arnold's Meats if he is released pending trial. I find that he has rebutted the presumption of risk of flight and that the government has failed to prove by a preponderance of the evidence that he poses a risk of flight or nonappearance if he is released on stringent conditions pending trial.

As to danger to the community, the government has rightly pointed out that Defendant has two prior convictions for possession of firearms. In addition, according to evidence at the detention hearing, it is possible that Defendant supplied the gun that was in Mr. Cruz's car when Mr. Cruz was arrested, although Defendant has not been charged with a firearms offense on this basis. It further appears that Defendant has some history of street brawls. Defendant's history of possession of firearms is a serious concern on the question of dangerousness to the community. On the other side of the scale, the Springfield Police Department face sheet does not show any gang association and Defendant has not been charged with an offense involving the discharge of a firearm or had any prior state or federal convictions for narcotics offenses.

Notwithstanding the presumption, *see* 18 U.S.C. § 3142(e)(3), based on the evidence about the alleged role Defendant played in the alleged conspiracy, which was not at the higher echelon, and his current family responsibilities and suitable employment prospects, and taking

3

into account the recommendation for pretrial release by Probation and Pretrial Services, the court concludes that there are conditions of supervised release that will reasonably ensure the safety of other persons and the community. A form of conditions of release for Defendant is attached hereto as exhibit 1. The United States Marshal is ordered to keep Defendant in custody until security is posted and all other conditions of release are satisfied.

Dated: April 18, 2018

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
United States Magistrate Judge