**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL ACTION** |
| v. | ) | **NO. 3:17-30022-TSH** |
| | ) | |
| **ISAAC CARDONA,** | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO RECONSIDER**
**ORDER OF DETENTION (Docket No. 335)**

**April 17, 2020**

**HILLMAN, D.J.,**

The United States of America (the "Government") charged Isaac Cardona (the "Defendant") with conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, and conspiracy to commit money laundering. The Court ordered the Defendant's detention pending trial on May 3, 2018. (Docket No. 108). The Defendant now moves for reconsideration of that order. (Docket No. 335). He argues that the duration of his pretrial detention violates his right to due process under the Fifth Amendment.

"The First Circuit has recognized that 'the due process clause of the United States Constitution might well be violated if the length of detention is substantial enough to constitute punishment without trial.'" *United States v. Montrond*, No. 09-10278, 2011 WL 1560932, at *2 (D. Mass. Apr. 25, 2011) (quoting *United States v. Daniels*, No. 98–30040, 2000 WL 1611124 (D. Mass. Oct. 5, 2000)). There is no set period after which detention becomes punitive. *United States v. Zannino*, 798 F.2d 544, 547 (1st Cir. 1986) ("Because due process is a flexible concept, arbitrary

lines should not be drawn regarding precisely when defendants adjudged to be flight risks or dangers to the community should be released pending trial." (quoting *United States v. Accetturo*, 783 F.2d 382, 388 (3d Cir. 1986))). Instead, "the constitutional limit to the length of pretrial detention requires an assessment on a case by case basis." *Daniels*, 2000 WL 1611124, at *3. The Court considers six factors in assessing the constitutionality of continued detention: (1) "the seriousness of the charges," (2) "the strength of the government's proof that defendant poses a risk of flight or a danger to the community," (3) "the strength of the government's case on the merits," (4) "the length of the detention that has in fact occurred," (5) "the complexity of the case," and (6) "whether the strategy of one side or the other has added needlessly to that complexity." *Zannino*, 798 F.2d at 547 (quoting *Accetturo*, 783 F.2d at 388).

Here, while the charges against the Defendant are serious[1]—he faces a mandatory minimum prison sentence of five years for the cocaine conspiracy count and a mandatory minimum prison sentence of ten years for the heroin conspiracy count—and the evidence against him is strong, the record indicates that the Defendant played a relatively less influential role in the conspiracy than others. For example, although at one point the Defendant travelled to California to transport illegal substances into Massachusetts, he did not complete this task, and the evidence suggests that he only agreed to attempt it because he was indebted to Cruz. The first and third *Zannino* factors therefore only mildly weigh in favor of continued detention.

---

[1] The Court notes, however, that "[t]he charges against Defendant, although they remain serious, are obviously less egregious than the murders at issue in *Zannino*; Defendant's alleged drug crimes are significantly different in terms of a propensity for violence." *See Daniels*, 2000 WL 1611124, at *4; *cf. Zannino*, 798 F.2d at 547–48 (finding that a pretrial detention period of sixteen months did not offend a defendant's due process rights where the defendant was charged with murder and faced a maximum sentence of 130 years).

As to the second factor, the Court continues to believe that the Defendant poses some risk of danger to the community. However, the Court cannot say that the Government's evidence of dangerousness—prior firearm convictions and a propensity for violence, including providing another felon with a firearm—is sufficiently strong to outweigh the remaining factors, all of which favor release. *See United States v. Beverly*, No. 87-521, 1988 WL 36988, at *2 (N.D. Ill. Apr. 8, 1988) ("As a general rule, the stronger the justification for keeping a defendant in detention, the longer he or she can be detained without violating the due process clause."); *cf. Zannino*, 798 F.2d at 547 (determining that a sixteen month period of detention did not violate due process where, *inter alia*, the defendant had continued to engage in illegal activities despite being detained). For example, the length of the contemplated detention period here is thirty-two months,[2] i.e., twice the length of the detention at issue in *Zannino*, which the First Circuit noted would "in many, perhaps most, cases, . . . be found to exceed the due process limitations on the duration of pretrial confinement." 798 F.2d at 548; *see also Daniels*, 2000 WL 1611124, at *6 (noting that "[d]etention that has lasted [two years] 'and without speculation, is scheduled to last considerably longer, points strongly to a denial of due process'" (quoting *United States v. Gonzales Claudio*, 806 F.2d 334, 341 (2d Cir. 1986))). And while the Court ultimately upheld the constitutionality of that period in *Zannino*, it only concluded that the length did not run "afoul of due process limitations" after it determined that the defendant had himself caused most of the delay. *See id.* at 547–48. Here, in contrast, the Defendant has played no role in the delay of his trial date, nor has the complexity of the case significantly contributed to that delay.[3] This case was ready for trial on March 2, 2020 and was continued due to circumstances beyond either party's control.

---

[2]     This calculation is based in the currently scheduled November 20, 2020 trial date.
[3]     The Government has partially contributed to the delay. Upon the Government's motion, the Court continued the trial date from November 12, 2019, to March 2, 2020. (Docket No. 214).

On balance, after considering all the *Zannino* factors, the Court concludes that further pretrial detention of the Defendant would run "afoul of due process limitations." *See id.* Specifically, the Court finds that a thirty-two-month period of pretrial detention would, under the circumstances of this case, cross the threshold from permissible regulation into impermissible punishment. *See United States v. Salerno*, 481 U.S. 739, 747–49 (1987) (noting that the pretrial detention of a defendant serves important regulatory purposes when it is "*of reasonable duration*" (emphasis added)); *Bell v. Wolfish*, 441 U.S. 520, 561 (1979) (noting that whether detention constitutes impermissible punishment or permissible regulation "depends on whether [it is] rationally related to a legitimate nonpunitive governmental purpose and whether [it] appear[s] excessive in relation to that purpose"); *cf. United States v. El-Hage*, 213 F.3d 74, 81 (2d Cir. 2000) (affirming the district court's decision to allow pretrial detention for upwards of thirty to thirty-three months where the defendant was a member of a terrorist organization and there was a risk that, if released, he could pass information along to other individuals under investigation).

## **Order**

The Court accordingly ***grants*** the motion for release. (Docket No. 335). The Defendant is ordered released from custody under the same terms and conditions as set by Magistrate Judge Roberson on April 20, 2018, except that with respect to Condition U (location monitoring), the court substitutes the following condition: the Defendant is released to home detention to be monitored by randomly timed telephone calls from the supervising Probation Officer on a schedule to be determined in the Probation Officer's discretion, using an electronic application selected in the discretion of the Probation Officer (e.g., FaceTime). The case is referred to Magistrate Judge Robertson to modify those conditions as she sees fit.

**SO ORDERED**

                                                                           */s/ Timothy S. Hillman*
                                                                           **TIMOTHY S. HILLMAN**
                                                                               **DISTRICT JUDGE**